```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-61631-CIV-UNGARO
                              MAGISTRATE JUDGE P.A. WHITE

EUGENE TILLMAN,                    :

      Plaintiff,                   :

v.                                 :        REPORT
                                          OF MAGISTRATE JUDGE
SHERIFF OF BROWARD COUNTY ET AL.,  :        (DE#22)

      Defendants.                  :
_____
```

I. Introduction

The plaintiff, Eugene Tillman filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court upon a Motion to Dismiss filed by Defendant Dr. Errol Campbell (DE#22).

II. Discussion

The defendant, Dr. Campell, states that the plaintiff filed an amended complaint (DE#14), in which there are no allegations against him, and that he should be dismissed from this lawsuit. The defendant's argument is well taken.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be

granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

A Preliminary Report was entered in this case, and the facts are as follows: upon the plaintiff's arrival at the Broward County Jail on October 26, 2008 the intake nurse did not have his medication available. A few hours later the plaintiff's pacemaker started producing irregular heartbeats, and he experienced chest pain.  The plaintiff pushed an emergency button, and waited for one hour until an officer arrived. Thirty minutes later a nurse escorted him to the nurse's station and conducted an EKG, which was abnormal.  The nurse had the plaintiff lay down.  One hour later, the pacemaker again started producing irregular heartbeats, and one half hour after he called for assistance, a deputy arrived at the

2

cell and ordered him to lay down.  The deputy had the nurse call a doctor, who advised the nurse to give him Tylenol and have him lay down.  Fifteen minutes later the plaintiff, still experiencing irregular heartbeats, called for help. A deputy called the doctor, and the plaintiff was taken to a hospital, where he had surgery. The plaintiff seeks damages for "improper medical treatment, liability, inadequate medical care, intentional infliction of emotional distress, and negligent infliction of emotional distress" arguing that his life was in jeopardy at the jail before he was transported to a hospital.

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care.[1]  Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003).  It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

The Preliminary Report recommended that all claims in the initial complaint be dismissed, but that the plaintiff may have stated a claim for deliberate indifference to his medical need,

---

[1] Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims would arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

when his emergency call button went unanswered. It was recommended that he be permitted to amend his complaint to name the person or persons who knew of his medical condition, and was responsible for not answering his emergency button.

The plaintiff filed an amended complaint (DE#14). He named Dr. Campbell, Deputy Joseph Darminin, S. Frank, Supervisor of the North Broward Facility and Nurse Patrice Bennett. Service was ordered on these defendants.

The defendant correctly states that the plaintiff has not alleged any wrongdoing on the part of Dr. Campbell. He states that he made several attempts to receive emergency aid, and each time his requests were delayed by assigned staff members, Deputy Joseph Darminin and Nurse Patrice Bennett. He claims he did receive an EKG, but was ordered to return to his area and take an aspirin. The plaintiff states that his heart condition was known to the staff, however he received no medical attention. He states that when the supervising Nurse contacted the on call physician he was taken to the hospital and emergency surgery was performed.

### III.  Conclusion

There are no allegations contained in the amended complaint against Dr. Campbell and it is therefore recommended that the defendant's Motion to Dismiss (DE#22) be granted, and that he be dismissed, as the plaintiff has failed to state a claim against him. 28 U.S.C. §1915(e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 10th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eugene Tillman, Pro Se
      1671 NW 2nd Terrace
      Pompano Beach, FL 33060
      Address of record

      Daniel Losey, Esq.
      Billing, Cochran et al
      Address of record
      Attorney for defendant